**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SERVICE SOLUTIONS U.S., L.L.C.,

        Plaintiff,

v.

AUTEL.US INC., and AUTEL
INTELLIGENT TECHNOLOGY CO., LTD.,

        Defendants.
_____/

Case No. 13-10534
HON. TERRENCE G. BERG

### ORDER GRANTING DEFENDANTS' MOTION TO STAY (DKT. 42)

This matter is before the Court on Defendants' Autel.US Inc. and Autel Intelligent Technology Co., Ltd. ("Defendants") motion to stay, (Dkt. 42). The parties fully briefed this matter and the Court took it under advisement without oral argument on December 17, 2014 pursuant to E.D. Mich. L.R. 7.2(f)(2). For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2013, Plaintiff Service Solutions[1] ("Plaintiff") sued Defendants for patent infringement alleging that Defendants had infringed on seven of their patents.[2] (Dkt. 1.) Following a denial of Defendants' motion to

---

[1] During the October 2, 2014 status conference, Plaintiff informed the Court that it has been acquired by "Bosch," a separate corporation. The Court instructs the parties to submit a stipulation and proposed order changing the case caption to reflect the correct party names.

[2] The seven patents include:
- 1.  Patent No. 6,904,796 ("796 Patent")
- 2.  Patent No. 7,623,025
- 3.  Patent No. 7,639,122
- 4.  Patent No. 8,035,499
- 5.  Patent No. 8,059,979

dismiss, this Court referred the parties to facilitation on January 17, 2014. (Dkt 36.) The order for facilitation stayed discovery and further motion practice until further order of this Court. (*Id.*)

On March 18, 2014, the parties met with Mediator Richard Grauer. (Dkt 46.) In his post-mediation report, Mr. Grauer noted that the mediation was "adjourned/incomplete" and also indicated that further alternative dispute resolution proceedings were contemplated. (*Id.* at Ex. A.) Further, in an email to the parties, Mr. Grauer instructed the parties to contact him once Plaintiff had provided additional information to Defendants. (*Id.*) It is undisputed that the parties never resumed the mediation.

While litigation proceeded in this Court, Defendants' filed for *inter partes* review (or "IPR") of Plaintiff's 796 patent with the United States Patent and Trademark Office's Patent Trial and Appeal Board ("the Board") on November 21, 2013. (Dkt. 42, Ex. 3.) On May 7, 2014, the Board instituted *inter partes* review of the 796 patent. (*Id.* at Ex. 2.) The parties have fully briefed the matter and presented oral arguments before the Board on December 9, 2014. (Dkt. 42, p. 5). Pursuant to 35 U.S.C. § 316(a)(11) and 37 C.F.R. § 42.100(c), the Board must complete its review of the patent within one year of instituting the review, on or before May 7, 2015.

From March through September 2014, neither party reported to the Court on the progress of the mediation proceedings, nor did either party notify the Court that

---

- 6. Patent No. 8,072,320
- 7. Patent No. 8,183,992

2

an IPR had been ordered by the Patent Board. Consequently, the Court scheduled a telephonic status conference with the parties on October 2, 2014. During the conference, Defendants informed the Court about the *inter partes* review involving the 796 patent and requested a stay of this case pending the resolution of the review. Since Plaintiff opposed the stay, the Court invited Defendants to submit this motion.

## II. ANALYSIS

### A. Standard of Review

Courts have "broad discretion to determine whether a stay is appropriate" pending *inter partes* review. *Regents of Univ. of Michigan v. St. Jude Med., Inc.,* No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013). The party seeking a stay has the "burden of showing that the circumstances justify the exercise of that discretion." *Everlight Electronics Co. Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512 at *6 (E.D. Mich. Apr. 30, 2013). However, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO reexaminations or reissuance proceedings." *Id.* at *7 (internal quotations omitted).

Courts consider three factors in determining whether to grant a stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Regents of Univ. of Michigan*, No. 12-12908, 2013 WL 2393340, at *2.

B. Discussion

The Court will consider each of these factors in turn.

**1. Whether Discovery is Complete and a Trial Date Set.**

This factor requires that the Court consider whether a stay is appropriate in light of the progress of litigation in a case. Where litigation is advanced, this factor weighs against granting a stay. *See Procter & Gamble Co. v. Team Tech., Inc.*, No. 1:12-cv-552, 2013 WL 4830950, at *4 (S.D. OH Sep. 10, 2013) (denying a stay where substantial discovery and claim construction were in process); *see also Malibu Boats L.L.C. v. Nautique Boat Co.*, No. 3:13–CV–656–TAV–HBG, 2014 WL 3866155, at *5 (E.D. Tenn. Aug. 6, 2014) (finding that "litigation has progressed to the point where a prolonged delay would not be an effective use of judicial resources.").

Here, largely due to the parties' failure to complete the mediation process or inform the Court of its lack of success, the case is in its infancy. Discovery has not begun and there is no scheduling order in place, much less a trial date. Given the posture of this case, this factor weighs in favor of granting a stay.

**2. Whether a Stay Will Simplify the Issues in Question and the Trial.**

The parties dispute whether granting a stay here would simplify the issues in question. Plaintiff argues that a stay would not simplify the issues because the IPR process involves only one of the seven patents at issue in this case. Since Plaintiff plans to move forward on the remaining six patents regardless of the outcome of the IPR process, Plaintiff posits that a stay would not simplify the issues. Moreover, Plaintiff relies on *Malibu Boats* to argue that courts do not grant stays in multi-

4

patent cases where less than half of the patents involved in the case are under IPR review. *See Malibu Boats*, No. 3:13–CV–656–TAV–HBG, 2014 WL 3866155 at *4 (denying a stay where review would only resolve one of three patents in the case).

Defendants counter by arguing that the IPR process, while only involving one of the seven patents, will nonetheless resolve the issues as to that patent, and that this patent is the most significant of the seven patents. Moreover, Defendants argue that a stay will prevent fruitless and wasteful discovery into the patent under review.

Considering the early stage of the litigation and the central role of the 796 patent in this litigation, the Court finds that granting a stay will simplify the case. The Court is persuaded that it would be unwise to permit full discovery to proceed while the validity of the 796 patent may be determined in the next few months. Further, in the case that the 796 patent is upheld, the Court will benefit from the U.S. Patent Trial and Appeal Board's expertise in determining the parties' claims regarding this patent. *See Donnelly Corp. v. Guardian Indus. Corp.*, No 05-74444, 2007 WL 3104794, at *4 (E.D. MI Oct. 22, 2007) (finding that a stay is advantageous because it narrows the issues, provides the Court with expertise, and reduces costs for the Court and counsel).

Moreover, the Court is not convinced that a stay is inappropriate merely because only one patent is under review. Though a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review would not help simplify

the case. The Court also notes that in *Malibu Boats,* the fact that only one patent was under review was only one of many factors that the court weighed in deciding against granting a stay. No. 3:13–CV–656–TAV–HBG, 2014 WL 3866155 at *2-5. Indeed, an IPR review need not dispose of a case completely to simplify the issues of a case. *Donnelly*, No 05-74444, 2007 WL 3104794, at *5 (finding that reexamination need not moot the entire litigation). Here, a stay pending the IPR would avoid potentially wasteful discovery while narrowing the claims and defenses in the case. For these reasons, the Court finds that a stay will help simplify the case.

### 3. Whether a Stay Would Unduly Prejudice a Party.

In determining whether a stay would unduly prejudice Plaintiff, the Court recognizes that courts "routinely deny requests for stays where parties are direct competitors." *Everlight Electronics Co. Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512 at *8 (E.D. Mich. Apr. 30, 2013). Plaintiff and Defendants are direct competitors, but Plaintiff has not aggressively prosecuted this litigation. Plaintiff has not shown that the impact of a relatively short delay would negatively impact Plaintiff's ability to compete.

In addition, other factors weigh in favor of granting a stay. Unlike in some cases where a stay is being sought at the outset of the IPR process, here the IPR proceeding is well under way. The Board has already granted the IPR petition and the parties have fully briefed and argued the matter. As previously noted, "the IPR process is guaranteed by statute to be completed within 12 months of the petition being granted." *Procter & Gamble*, No. 1:12-cv-552, 2013 WL 4830950, at *1.

According to this schedule, the Board must issue its decision by May 7, 2015, so that entering a stay would only pause the litigation for a period of approximately 100 days. In the overall context of this case, the Court finds any delay to be slight. Given the advanced stage of the IPR proceedings, the risk of undue prejudice to Plaintiff as a result of a stay is minimal, and is outweighed by the benefits to be gained by proceeding after the result of the IPR process is known.

Moreover, in evaluating the question of undue prejudice, the Court gives weight to Plaintiff's languor in pursuing this action. According to the record available to the Court, during the March 2014 mediation Plaintiff did not produce certain documents to Defendants that were needed to permit the mediation process to move forward, and did not respond to Defendants' repeated requests for such information. Consequently, the mediation process stalled.

In addition to not furthering the mediation, Plaintiff made no effort to reinvigorate the litigation before the Court. After the parties were referred to mediation, neither party notified the Court of their progress. Only after the Court, on its own accord, scheduled a status conference on October 2, 2014, did the parties report their lack of progress in mediation and their involvement in the IPR process. These actions stand in stark contrast to the plaintiff in *Malibu Boats* where the Court found that the Plaintiff had "taken efforts to litigate perceived harmful infringement." No. 3:13–CV–656–TAV–HBG, 2014 WL 3866155 at *5.

Given these circumstances, the Court concludes that Plaintiff will not suffer undue prejudice from the relatively short delay that will result from allowing the IPR process to be concluded. Thus, this factor weighs in favor of granting a stay.

Therefore, after carefully reviewing these factors, the Court finds that a stay is warranted here and Defendants' motion for a stay pending *inter partes* review should be **GRANTED**.

### IV.   CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants' motion for a stay pending *inter partes* review. The parties are further **ORDERED** to submit a joint report to the Court within seven (7) days of the issuance of the IPR decision summarizing the results therein and the parties' respective positions as to the decision's impact on the issues in the litigation.

**SO ORDERED.**

Dated:  January 28, 2015                            s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 28, 2015, using the CM/ECF system, which will send notification to all parties.

                                                    s/A. Chubb
                                                    Case Manager